KDE:DGR/APW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X     No. <u>20-MJ-793</u>

UNITED STATES OF AMERICA              <u>T O   B E   F I L E D   U N D E R   S E A L</u>

      - against -                          <u>A F F I D A V I T   A N D</u>
                                      <u>C O M P L A I N T   I N   S U P P O R T</u>
MARTIAL H. AMILCAR,                   <u>O F   A N   A P P L I C A T I O N   F O R</u>
                                      <u>A N   A R R E S T   W A R R A N T</u>
          Defendant.

                                           (18 U.S.C. § 922(g))
- - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

        JAMES GRZELAK, being duly sworn, deposes and states that he is a Task

Force Officer with the United States Department of Homeland Security, Homeland Security

Investigations, duly appointed according to law and acting as such.

        On or about August 26, 2020, within the Eastern District of New York, the

defendant MARTIAL H. AMILCAR, together with others, knowing that he had previously

been convicted in a court of one or more crimes punishable by a term of imprisonment

exceeding one year, did knowingly and intentionally possess in and affecting commerce a

firearm, to wit: one Ruger Model 1911 .45 caliber semi-automatic firearm bearing serial

number 67272983.

        (Title 18, United States Code, Section 922(g))

        The source of your deponent's information and the grounds for his belief are

as follows:[1]

---

      [1]     Because the purpose of this Complaint is to set forth only those facts necessary

1.      I am a Task Force Officer with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been involved in the investigation of numerous cases involving the illegal possession of firearms.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2.      On or about August 26, 2020, at approximately 12:19 a.m., two officers with the New York City Police Department ("NYPD") ("Officer-1" and "Officer-2") were riding inside of an unmarked NYPD vehicle in the vicinity of Mermaid Avenue and West 24th Street in Brooklyn, New York.   At that time, Officer-1 observed a 2006 Hyundai Elantra with a New Jersey temporary license plate (the "Hyundai").   Officer-1 saw one person inside of the Hyundai.

3.      Officer-1 saw that, based on the date displayed on the temporary license plate, the Hyundai's temporary license plate was expired.   Officer-1 activated the NYPD vehicle's emergency lights and attempted to pull over the Hyundai.   The Hyundai initially stopped, but as Officer-1 and Officer-2 approached the Hyundai on foot, the Hyundai drove away.

4.      Officer-1 and Officer-2 returned to the NYPD vehicle and pursued the Hyundai.   During that pursuit, the officers observed the Hyundai weave in and out of traffic and commit multiple traffic infractions, including turning without signaling and running multiple stop lights.

---

to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

5.      As the Hyundai drove past the vicinity of West 31st Street and Surf Avenue, the officers observed a hand extended outside of the Hyundai's driver's side window and throw an object that was consistent in appearance to a firearm.

6.      The Hyundai subsequently crashed near a driveway.   A man, later identified as the defendant MARTIAL H. AMILCAR, exited the Hyundai from the driver's seat and attempted to run from the police.   AMILCAR was thereafter caught by NYPD officers and arrested.   At that time, AMILCAR stated in sum and substance, that he was sorry, that he was on parole and did not want to go to jail.   He also stated that he did not have a gun and that the police could search the vehicle.

7.      In the vicinity of West 31st Street and Surf Avenue—which was the area the officers had previously observed the defendant MARTIAL H. AMILCAR throw the object from the window of the Hyundai—NYPD officers found a loaded Ruger Model 1911 .45 caliber semi-automatic firearm bearing serial number 67272983 (the "Ruger Firearm").

8.      Following his arrest, the defendant MARTIAL H. AMILCAR was advised of and waived his Miranda rights and spoke with law enforcement officers.   During his post-arrest interview, AMILCAR admitted in sum and substance and part that he possessed a firearm inside the Hyundai and that he threw the firearm out of the Hyundai's window during his attempt to flee from the police.

9.      I have reviewed criminal history records for the defendant MARTIAL H. AMILCAR, which revealed that on or about June 15, 2016, AMILCAR was convicted in Kings County Supreme Court of Attempted Criminal Possession of a Weapon in the Second Degree, in violation of New York Penal Law § 265.03, which is a Class D felony and is

punishable by a term of imprisonment of more than one year.   AMILCAR was sentenced to two years' imprisonment.

10.     Based on my discussions with a nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, I am aware that the Ruger Firearm was manufactured outside of New York State.

<u>REQUEST FOR SEALING</u>

11.     Because the defendant MARTIAL H. AMILCAR is currently in New York State custody but could be released at any time, it is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and arrest warrant, as disclosure would give the target of the investigation an opportunity to destroy evidence, harm or threaten witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution and therefore have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests that the Court issue a warrant for the defendant MARTIAL H. AMILCAR's arrest so that he may be dealt with according to law.

_____
JAMES GRZELAK
Task Force Officer, United States Department of
Homeland Security, Homeland Security
Investigations

Sworn to before me by telephone this
10 day of September, 2020

_____
THE HONORABLE CHERYL L. POLLAK
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK